IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DARE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-257E |
| ) | JUDGE SEAN McLAUGHLIN |
| UNITED STATES PAROLE ) | MAGISTRATE JUDGE BAXTER |
| COMMISSION, et al., ) | |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied.

**II.    REPORT**

This is a petition filed pursuant to 28 U.S.C. §2241 by John Dare who is a federal prisoner serving a sentence of 45 years for murder. The sentence was imposed in 1980 by the District of Columbia Superior Court.

Petitioner has been released on parole several times since his conviction, and the present petition is a challenge to the latest action of the United States Parole Commission. The Commission revoked Dare's parole on January 3, 2005, and Dare's reparole date was set at May 16, 2005. Dare, however, was still in federal custody as of the date of the last pleading filed in this matter on March 23, 2006. It is this failure to release Dare on parole since May, 2005 which is the focus of the instant §2241 petition.

**A.    Procedural history.**

Dare initially asserted that his May 16, 2005, release date was changed without affording him a hearing (Docket No. 2 at page 1), but his claim has changed during an exchange of pleadings with the United States (See, Docket Nos. 9, 11, 13, 18 and 19). Dare was approved for release in May, 2005, but the Commission decided to "retard" the date due to the failure to obtain a

suitable release plan for Dare. The difficulty in obtaining such a release plan is that Dare is required to be housed in a Community Corrections Center (CCC) placement upon release, but his 1973 conviction (as a minor) for a sex offense restricts him to only one possible placement in a facility which accepts sex offenders. That facility has refused to place Dare since Dare escaped during his last CCC placement (Department of Corrections. No. 13 at 6-7).

Dare's parole release date was again put off in July, 2005, for failure to locate a post-release program which would accept him. He was afforded a hearing in October, 2005, at which time the decision was made to retard his parole date until an acceptable release plan is developed, and a rehearing was ordered for 30 days pursuant to §2.28 of the Commission's Procedure Manual. The Commission had to amend its action on November 1, 2005, to reflect the fact that §2.28 is inapplicable to D.C. offenders. The proper procedure where a D.C. offender is involved is to deny reparole until such time as a the prisoner presents an acceptable release plan. 28 C.F.R. §2.83(d).

Now, in its latest iteration, Dare's claim is that he is being denied release due to the Commission's improper use of a 1973 conviction under the District of Columbia's Youth Corrections Act to deny Dare access to a Community Treatment Program (Department of Corrections No. 18). Indeed, his status as a prior sex offender is premised upon this conviction, and that status does limit his ability to locate a suitable post-incarceration placement. Dare maintains that his 1973 conviction was or should have been expunged and, therefore, that he should have more options open to him in terms of obtaining a CCC placement. The United States responds that the use of the 1973 conviction is not improper since Dare has not established that the conviction was, actually, expunged (Department of Corrections. No. 19). Dare, though, has now provided evidence that his 1973 conviction was "dismissed" by the D.C. Superior Court in August, 1973 (Exhibit to Department of Corrections. No. 20), and moves to have the record expanded to include this evidence. Dare also has filed a motion (Department of Corrections. No. 21) seeking to strike the United State's latest response (Docket No. 19) on the basis that it was brought in bad faith. The Court will, by separate order, grant the motion to supplement or expand the record, since the exhibits attached to Dare's motion are relevant and admissible in this proceeding. The motion to strike the United State's response will be denied.

The final pleading filed in this case was an additional response by the United States (Docket #22). It is argued therein that the letter indicating dismissal of the 1973 conviction is not proof of expungement. Further, and more importantly, Respondent also argues that, even if expunged, the fact of the 1973 conviction is information which the Parole Commission may properly consider in setting conditions for Dare's release. I agree with this last statement and will, accordingly, recommend that the instant petition be dismissed.

**B.    Applicable legal standard.**

Initially, it should be noted that a petition pursuant to §2241 is the proper method for challenging the actions of the United States Parole Commission. See, e.g., U.S. v. Kennedy, 851 F.2d 689, 691 & n. 4 (3d Cir.1988) (challenge to parole commission's execution of federal sentence properly challenged under Section 2241). However, the standard of review of the Parole Commission's determination is "extremely deferential." Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision as long as 'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.' Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).

**C.    Petitioner's claims.**

As noted above, petitioner has shifted and narrowed his claim over time. The only claim he presently raises is that the Commission has improperly considered his 1973 conviction of sexual assault which occurred when he was a minor. Dare asserts that this conviction was, or should have been, expunged, and that the Commission may not consider it in making its parole determination.

Dare was convicted under the Federal Youth Corrections Act (FYCA). FYCA convictions may be expunged by the Parole Commission pursuant to 18 U.S.C. §5021. However, even where such an expungement occurs, this "does not affect the nonpublic record retained by the Department of Justice." U.S. v. Richards , 724 F.2d 812 (9th Cir. 1984). Thus, information concerning an expunged conviction may be used to prepare a presentence report, and may be relied

- 3 -

upon by a sentencing court. Id. The power of the Parole Commission to consider information in a presentence report is well-established. See, e.g., Coleman v. Honstead, 908 F.2d 906, 907 (11th Cir. 1990); Melvin v. Petrovsky, 720 F.2d 9, 11 (8th Cir. 1983); Kramer v. Jenkins, 803 F.2d 896 (7th Cir.1986). Facts in a presentence report may be considered even though the information has not been proven in an adversarial proceeding or otherwise established as reliable. Walker v. Prison Review Board, 769 F.2d 396, 401 (7th Cir.1985). Courts have also consistently recognized the Commission's authority to utilize information concerning dismissed charges. See Maddox v. U.S. Parole Commission, 821 F.2d 997 (5th Cir.1987); Hackett v. U.S. Parole Commission, 835 F.2d 878 (6th Cir.1987); Perry v. U.S. Parole Commission, 831 F.2d 811 (8th Cir.1987). The only limitation on the Commission's ability to consider information is that its decision must be based on reason and the inmate must be given access to the information with an opportunity to respond. Kramer, 803 F.2d at 901.

Therefore, even accepting as true Petitioner's claim that his 1973 youthful offender conviction was expunged under applicable law, the Parole Commission acted within its power in considering that conviction in any event. Thus, Petitioner's sole remaining claim lacks merit and he is not entitled to habeas relief.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 12, 2006